UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

TOMIKA EDWARDS

                Plaintiff,

- against -

DELOITTE, LLP, ABC CORP
1-10, JOHN DOE 1-10, JANE DOE 1-10

                Defendants.

---------------------------------------------------------------x

Index No.:

**COMPLAINT**

**Jury Trial Demanded**

Plaintiff Tomika Edwards ("Edwards" or "Plaintiff"), by her attorneys, Crystal Pettiford Law, LLC, complaining of Deloitte LLP ("Deloitte" or "Defendant"), alleges, upon information and belief as follows:

## NATURE OF CLAIMS

1. Edwards was subjected to unlawful retaliation in response to her internal complaints of safety issues/concerns and discriminatory treatment in her employment with Deloitte, based on her race, color.

2. Edwards is a woman of African American descent. She has worked as Senior Workflow Coordinator with Defendant for approximately 9 years.

3. Throughout her time with the Company, Plaintiff performed her duties in an excellent manner, always meeting expectations.

4. From 2023 through 2025, Plaintiff was supervised by Mery Obispo ("Ms. Obispo"), Luis Muniz ("Mr. Muniz"), and William Appiah ("Mr. Appiah").

5. Beginning in Summer 2023 through present, she made internal complaints to Defendant, regarding unlawful and discriminatory treatment at Deloitte, more specifically concerning her being subjected to a harassing and discriminatory environment, including constant micromanagement, ignoring her safety concerns, being overlooked for promotions and advancement opportunities, and being treated as if she were inferior.

6. Along with his internal complaint, she also asked for security to be on the main level where she worked and for her to have a colleague work on the main level with her as there were always two

employees when the level was staffed by her white counterparts.

7. Ms. Green was forced to work in the Welcome Center for *eighteen months* where there were serious safety concerns. For example, there were homeless individuals and mentally impaired individuals, accessing the building causing her to feel unsafe.

8. There were no barriers protecting her from these individuals.

9. From 2022 through 2024, Plaintiff repeatedly Complained to her supervisors and the building owner's security team about fearing for her safety.

10. In violation of Defendant's policy, no investigation was ever undertaken, but instead, when Plaintiff began to feel like she was the target of retaliation for lodging internal complaints.

11. While in her position, Green was supervised and treated differently than other employees with similar job duties and responsibilities, and the other employees in his department. Her movements and work assignments were closely monitored; suffered physical and emotional damage as a result of the deliberately inhospitable and unwelcoming environment.

12. This proceeding is brought to remedy discrimination against EDWARDS by Defendant under, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, *et seq.* ("Title VII"); the New York State Human Rights Law, Executive Law § 290 *et seq.* (the "Executive Law"); § 8-101 *et seq.* of the New York City Administrative Code (the "City Law"); and Article 6 of the New York State Labor Law, § 190, *et seq.* (the "Labor Law").

13. Plaintiff seeks injunctive and declaratory relief, compensatory, liquidated, and punitive damages, and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

14. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the claims herein arise under federal law. The Court has supplemental jurisdiction over the claims brought under the Executive Law and the City Law pursuant to 28 U.S.C. §§ 1367, as the remaining claims are so related that they form a part of the same case or controversy.

15. On or about July 18, 2025, Plaintiff filed a charge of discrimination against Defendant with the United States Equal Opportunity Employment Commission (the "EEOC").

16. On or about November 10, 2025, the EEOC issued a Notice of Right to Sue, issued on Plaintiff's request.  **A true copy is annexed hereto as Exhibit A.**

17. Accordingly, Plaintiff's complaint herein has satisfied all administrative conditions and is timely.

18. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the unlawful practices complained of herein occurred within the Southern District of New York, and the parties are located within the Southern District of New York.

## PARTIES

19. Edwards is a natural person living in the State of New Jersey and County of Union.  He has worked for Defendant as a Workflow professional for approximately 9 years.

20. Edwards is a woman of African American descent.

21. Defendant DELOITTE LLP ("Deloitte") is a limited liability partnership organized under the laws of the State of New York, with its principal place of business at 30 Rockefeller Plaza, 41st Floor, New York, NY 10112. Deloitte is the parent company of Deloitte Consulting LLP.

## FACTUAL ALLEGATIONS

### Background

22. In or about July 2021 and, on information and belief, Defendant promoted two Caucasian women, Sarah Sheehan and Rebecca Kaploun over Plaintiff both of whom were trained by Plaintiff and started their position with the Company three to four years after Plaintiff.

23. Plaintiff immediately complained to Mr. Muniz about the racial disparity in promotion within the Company.

24. Shortly after lodging her Complaints, Plaintiff was promoted to the Special Events team as a

Workflow Coordinator. However, she would continue to experience disparate treatment as an employee and retaliation.

25. In January 2022, the first performance review following Plaintiff's internal complaints, Ms. Edwards received her first negative review since working with Deloitte.

26. Edwards submitted a rebuttal to the negative review immediately. The review was later amended.

27. In May 2022, Plaintiff was transferred to work in Deloitte's Welcome Center alone. Previously, all Caucasian employee working in that area had a colleague that worked alongside of them.

28. During the early part of Summer 2023, an unknown person came into the welcome center with ski-spokes – Building Security was notified and witnessed this same person wailing the ski-spokes in the 30 Rockefeller corridors.

29. On July 31, 2023, Edwards notified Ms. Obispo that she concerned for her safety working alone in the Welcome Center where anyone can access the building.

30. Instead of addressing her concerns, Ms. Edwards became aware that Ms. Obispo was labeling her a "complainer". Ms. Obispo's lack of concern and empathy was directly related to Ms. Edward's race.

31. On September 26, 2023, Edwards once again expressed her Safety Concerns to Ms. Obispo, Yet again, her concerns for her safety were ignored.

32. On September 27, 2023, two uninvited men came into the welcome center and would not leave for several minutes even when Edwards asked them to. Deloitte Security, and her direct leadership were notified, along with Building Security. Still nothing was done, this was directly related to Edwards' race.

33. On October 10, 2023, what appeared to be a mentally challenged male entered the Welcome Center causing Edwards to once again fear for her safety. She once again reported this to her superiors.

34. On March 27, 2024, Edwards was verbally and almost physically assaulted by a Caucasian woman in the Welcome Center. Specifically, Edwards was referred to as a "Fucking Nigger Trash" and attempted to through a dish at her. The police were notified of the incident.

35. On March 27, 2024, Edwards suffered a panic attack on the job as a result of the attempted attack. Deloitte failed to protect Edwards due to her race.

36. Despite this egregious incident, Deloitte failed to protect Edwards as a black woman based on her race.

37. In March 2024, shortly after Edwards was verbally and almost physically assaulted, the staff at Deloitte began to circulate the video and make a mockery of this event that not only frightened Edwards but also caused her extreme Emotional Distress. This exacerbated Plaintiff's concerns about being protected as a black woman in the workplace.

38. Despite being aware of the circulation of this video of the racially motivated assault of Edwards, Deloitte failed to discipline of the employees responsible for its circulation.

39. On April 3, 2024, due to the overwhelming emotional distress and anxiety associated with the attack and continued discrimination and harassment on the job, Edwards went out on medical leave based on her doctor's instructions.

40. Edwards remained out on medical leave through May 10, 2024.

41. Supervisors would continuously set appointments to meet with Edwards and would fail to show without explanation.

42. Edwards began experiencing heightened micromanagement, harassment, discrimination, and feelings of being ostracized upon her return to work on June 10, 2024.

43. On November 11, 2024, Edwards notified the Deloitte Integrity Hotline about what she was experiencing in the workplace.

44. The use of intimidation and degrading language evidenced a hostile environment, where racially tinged intimidation, harassment, and bullying was the norm at Deloitte.

45. On or about December 17, 2024, Edwards contacted Victor Navarro, Deloitte Victor Navarro regarding her concerns.

46. Obispo would constantly bring her boyfriend to restricted areas within Deloitte that would cause a breach of security. Edwards reported that on numerous occasions and was subjected to retaliation.

47. In 2024 and 2025, Edwards was denied a monetary raise while her Caucasian counterparts were given a raise, in direct retaliation for her continued complaints to Deloitte HR.

48. In April 2025, Management once again gave Edwards a negative performance review in retaliation for her repeated complaints about the way she was being treated at Deloitte. Edwards was still tasked with training of other Deloitte employees.

49. Obispo would call Edwards during her Personal Time Off ("PTO") despite knowing that was off from work in an attempt to harass and trigger and emotional response from Edwards.

50. On June 10, 2025, Edwards met with Lisa Kroop, Managing Director to once again express her concerns about being discriminated against, ostracized, harassed, and retaliated against. Once again, nothing was done to protect Edwards based on her race.

51. From 2021 though Present, Deloitte has engaged in an ongoing pattern of conduct of discrimination against Edwards for her race, intimidation, harassment, bullying, failure to promote, causing severe emotional distress.

## FIRST CLAIM FOR RELIEF
### [Race, Color, Discrimination in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, et seq.]

52. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. The Plaintiff is an African American woman and is thus a member of a protected class under Title VII based on her race, color.

54. Defendant's conduct, as alleged at length herein, constitutes unlawful discrimination against Edwards on the basis of his race, color.

55. The stated reasons for Defendant's conduct, if any, were not true, but were instead a pretext proffered to disguise Defendant's discriminatory animus.

56. Defendant knew that its actions constituted unlawful discrimination and/or showed reckless disregard for Plaintiff's statutory rights.

57. As a direct and proximate result of Defendant's conduct in violation of Title VII, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

58. Defendant acted with malice and/or reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## SECOND CLAIM FOR RELIEF
### [Race, Color, Discrimination in Violation of the
### New York State Human Rights Law]

59. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

60. The Plaintiff is an African American woman and is thus a member of a protected class under the Executive Law based on her race, color, perceived national origin.

61. By the actions described *supra*, among others, Defendant discriminated against Plaintiff, in violation of the Executive Law, by taking adverse action against Plaintiff directly because of her race, color, and perceived national origin.

62. At all times relevant, Defendant failed to promote Plaintiff based on her race.

63. As a proximate result of Defendant's unlawful acts and practices in violation of the Executive Law, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

## THIRD CLAIM FOR RELIEF
### [Race, Color, Perceived National Origin Discrimination in Violation
### Of the New York City Human Rights Law]

64. Plaintiff repeats and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

65. By the actions described *supra*, among others, Defendant discriminated against Plaintiff, in violation of the City Law, taking adverse action against Plaintiff

8

directly because of her race, color, and perceived national origin.

66. As a direct and proximate result of Defendant's conduct in violation of the City Law, Plaintiff has suffered and continues to suffer harm for which she is entitled to an award of monetary damages and other relief.

67. Defendant's unlawful conduct amounts to either willful or wanton negligence, recklessness, a conscious disregard of the rights of others, and/or conduct so reckless, as to amount to such disregard, in violation of the City Law, for which Plaintiff is entitled to an award of punitive damages to deter future unlawful conduct, similar to the conduct alleged herein.

## FOURTH CLAIM FOR RELIEF
### [Hostile Work Environment Based on Race, Color in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, et seq.]

68. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

69. Pursuant to the unlawful acts and practices of Defendant as alleged above, Plaintiff was subjected to an abusive workplace permeated with harassment and discrimination that was sufficiently severe or pervasive, so as to alter and negatively impact the conditions of his work environment during his employment with Defendant.

70. Defendant knew or should have known of the unlawful acts and practices, as alleged *supra*, and the hostile work environment created thereby, yet failed to act promptly to prevent or end the harassment and discrimination, in violation of Title VII.

71. As a proximate result of Defendant's unlawful acts and practices as described *supra*, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits, and is

entitled to monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

72. Defendant acted with malice and/or reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## FIFTH CLAIM FOR RELIEF
### [Hostile Work Environment Based on Race, Ethnicity in Violation of New York State Human Rights Law]

73. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

74. Pursuant to the unlawful acts and practices of Defendant as alleged *supra*, Plaintiff was subjected to an abusive workplace permeated with harassment and discrimination that was sufficiently severe or pervasive, so as to alter the conditions of his work environment during his employment with Defendant.

75. Defendant knew or should have known of the unlawful acts and practices as alleged above and the hostile work environment created thereby yet failed to act promptly to prevent or end the harassment and discrimination, in violation of the Executive Law.

76. As a proximate result of Defendant's unlawful acts and practices as described *supra*, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional

pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

## SIXTH CLAIM FOR RELIEF

### [Hostile Work Environment Based on Race, Color in Violation of New York City Human Rights Law]

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. Pursuant to the unlawful acts and practices of Defendant as alleged *supra*, Plaintiff was subjected to an abusive workplace permeated with harassment and discrimination that was sufficiently severe or pervasive, so to alter the conditions of his work environment during his employment with Defendant.

79. Defendant knew or should have known of the unlawful acts and practices as alleged above and the hostile work environment created thereby yet failed to act promptly to prevent or end the harassment and discrimination in violation of the City Law.

80. As a proximate result of Defendant's unlawful acts and practices as described *supra*, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits and is entitled to monetary and compensatory damages for *inter alia*, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

81. Defendant's conduct amounts to either, willful or wanton negligence, recklessness, a conscious disregard of the rights of others, and/or conduct so reckless, as to

amount to such disregard, in violation of the City Law, for which Plaintiff is entitled to an award of punitive damages to deter future unlawful conduct, similar to the conduct alleged herein.

### SEVENTH COUNT RELIEF
**[Retaliation in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e, *et seq.*]**

82. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

83. Pursuant to the acts and practices of Defendant as alleged above, Plaintiff made several complaints to her supervisors and to Defendant's HR staff, of the discrimination based on her race, ethnicity, and thus, was engaging in a protected activity pursuant to Title VII.

84. Defendant knew or should have known of the unlawful acts and practices as the same, yet failed to act promptly to prevent or end the harassment and discrimination.

85. Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff by failing to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that he suffered and the hostile work environment that was created thereby.

86. Defendant, then forced Plaintiff to take leave, demoted her and subjected her to an antagonistic and inhospitable work assignment as retaliation for making an internal complaint about discrimination and then filing a claim with the EEOC, in violation of Title VII.

87. As a proximate result of Defendant's unlawful acts and practices as described

*supra*, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits, and is entitled to monetary and compensatory damages for *inter alia*, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

88. Defendant acted with malice and/or reckless disregard of Plaintiff's statutorily protected civil rights, and, as such, Defendant should be subjected to punitive damages to deter future unlawful conduct similar to the conduct alleged herein.

## EIGHTH CLAIM FOR RELIEF
### [Retaliation in Violation of the New York State Human Rights Law]

89. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

90. Pursuant to the acts and practices of Defendant as alleged above, Plaintiff made several complaints to her supervisors, and to Defendant's HR staff, of the discrimination based on her race, ethnicity and thus, was engaging in a protected activity pursuant to the Executive Law.

91. Defendant knew or should have known of the unlawful acts and practices as prevent or end the harassment and discrimination.

92. Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff by failing to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that he suffered and the hostile work environment that was created thereby. Defendant, then forced Plaintiff to take leave, demoted him and subjected him to an antagonistic and

13

inhospitable work assignment as retaliation for making an internal complaint about discrimination and then filing a claim with the EEOC in violation to of the Executive Law.

93. As a proximate result of Defendant's unlawful acts and practices as described *supra*, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

### NINTH CLAIM FOR RELIEF
**[Retaliation in Violation of the New York City Human Rights Law]**

94. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

95. Pursuant to the acts and practices of Defendant as alleged above, Plaintiff made several complaints to his supervisors and to Defendant's HR staff, of the discrimination based on her race, ethnicity, and thus, was engaging in a protected activity pursuant to the City Law.

96. Defendant knew or should have known of the unlawful acts and practices as prevent or end the harassment and discrimination.

97. Instead of taking steps to ensure a discrimination-free workplace, Defendant condoned and reinforced the unlawful acts and practices as alleged above and retaliated against Plaintiff by failed to promptly implement corrective measures and/or failing to offer an appropriate resolution to the discrimination that he suffered and the hostile work environment that was created thereby. Defendant,

then forced Plaintiff to take leave, demoted him and subjected her to an antagonistic and inhospitable work assignment as retaliation for making an internal complaint about discrimination and then filing a claim with the EEOC, in violation of the City Law.

98. As a proximate result of Defendant's unlawful acts and practices as described *supra*, Plaintiff has suffered and continues to suffer irreparable injury and substantial losses, including lost earnings and other employment benefits, and is entitled to monetary and compensatory damages for, *inter alia*, mental anguish, emotional distress and humiliation, stress and anxiety, physical illness, emotional pain and suffering, severe and lasting embarrassment, loss of reputation, and other compensable damage, and will continue to do so unless and until this Court grants relief.

99. Defendant's conduct amounts to either, willful or wanton negligence, recklessness, a conscious disregard of the rights of others, and/or conduct so reckless, as to amount to such disregard, in violation of the City Law, for which Plaintiff is entitled to an award of punitive damages to deter future unlawful conduct, similar to the conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectively request that this Court enter a judgment providing the following relief:

    a) A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, State of New York and the City of New York;

    b) An injunction and order permanently restraining Defendant and its partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the

policies and practices complained of herein;

c) Directing Defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect Plaintiff's employment, including restoring positions and duties to Plaintiff that have been taken away, and granting him tenure;

d) An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, and other benefits of employment;

e) An award of damages against Defendant, in an amount to be determined at trial, plus interest, to compensate for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, physical illness, emotional pain and suffering, and emotional distress;

f) An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff, including, but not limited to, lost income, reputational harm, and harm to professional reputation, in an amount to be determined at trial;

g) An award of punitive damages in an amount to be determined at trial;

h) Liquidated damages in an amount to be determined at trial;

i) Prejudgment interest on all amounts due;

j) An award of costs that Plaintiff has incurred in this action, including, but not limited costs of expert witnesses and reasonable attorneys' fees and costs to the fullest extent permitted by law; and

k) Such other and further relief as the Court may deem just and proper;

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in

this action.

Dated: February 2, 2026
      New York, New York

                              Very truly yours,
                              **CRYSTAL PETTIFORD LAW**

                              *S/ Crystal E. Pettiford, Esq.*
                              CRYSTAL E. PETTIFORD
                              crystal@crystalpettifordlaw.com
                              30 Station Court, Suite 5
                              Bellport, New York 11713 973.433.9033
                              *Counsel to Plaintiff*